## BALLOU'S CASE.

### Somerset.    Opinion April 8, 1922.

*The findings on questions of fact by the chairman of the Industrial Accident Commission, in absence of fraud, and also provided that there is some legal evidence supporting such findings, are final.*

In this class of cases it must be borne in mind that the Appellate Court is working under a statute which provides that the decision of the Chairman of the Industrial Accident Commission, in the absence of fraud, upon all questions of fact, shall be final.

In the instant case there was some legal evidence in support of the finding of the chairman.

On appeal. This is a proceeding by petition under the Workmen's Compensation Act by Fannie E. Ballou, for compensation as dependent widow of Joseph Ballou, who, on November 17, 1919, was an employee of the Jackman Lumber Company in its sawmill at Jackman

as a sawyer. Soon after the crew began to work in the afternoon on said date, fire broke out in the mill and decedent was trapped in the mill and had to escape through a window.

On April 3, 1920 the husband of claimant died with influenza or pneumonia. Claimant alleged that her husband, the 'deceased, in escaping through fire and smoke from the mill, inhaled flame, smoke and gas, which produced in the lungs a condition which later resulted in pneumonia and death. A hearing was had upon the petition before the Chairman of the Industrial Accident Commission, who found in favor of the petitioner and granted compensation.

From a decree of the Supreme Judicial Court in accordance with such finding by the chairman, an appeal was taken by the Jackman Lumber Company and the Aetna Life Insurance Company.

Appeal dismissed. Decree below affirmed with additional costs.

The case is stated in the opinion.

*Merrill & Merrill*, for appellee.

*Andrews, Nelson & Gardiner*, for appellants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J.  This case arises under the Workmen's Compensation Act, and comes to this court upon an appeal from a finding of the Industrial Accident Commission in favor of the petitioner. In this class of cases it must be borne in mind that the Appellate Court is working under a statute which provides that the decision of the chairman "in the absence of fraud, upon all questions of fact shall be final." "It has been again and again decided, and is conceded that this court has no authority to review the Industrial Accident Commission's finding of fact in the absence of fraud and provided that for such finding there be any legal evidence." *Gray's Case*, 120 Maine, 81, 113 Atl., 32.  Therefore, the only question presented in this case is whether there was any legal evidence upon which the decision of the chairman could be based. Unfortunately, in this case much clearly inadmissible testimony was admitted. We do not hesitate to suggest that this practice is unsatisfactory, improper and to be avoided. We have, however, in order to protect the interest of parties seeking relief under this act, held that, if it has appeared that the commissioner did not take into consideration the evidence illegally

admitted, and that there is sufficient evidence outside the illegal testimony to sustain his finding of fact, that the appeal should be denied upon that ground. But decisions based upon such testimony are unsatisfactory, both to the court and the respondent.

This criticism does not apply to the admission of testimony, upon the admissibility of which a debatable controversy might arise, but to the admission of testimony so clearly in violation of the rules of evidence, as to be so evident, that he who runs may read.

In a decision alleged by a magistrate to have been made upon the legal testimony, which has to be sifted from the illegal testimony, the question always arises whether he has made a proper differentiation, or whether he has coupled a part of the illegal with the legal evidence. Furthermore, both the court and the respondent are obliged, under such circumstances, to accept the declaration of the magistrate, without any possible knowledge of the operation of his mind, as to what is legal, or as to how far his judgment may have been influenced by the illegal testimony before him.

If decisions were given in these cases upon evidence contemplated by the statute and the law, it is the opinion of the court that appeals might be materially diminished, and the interest of all parties better subserved.

Upon a careful examination of the report in this case, and a separation of the legal from the illegal evidence we are inclined to the opinion that the decision may be sustained. Several legal points are raised in the argument of the defendant, and while they applied theoretically to several phases of fact raised by the evidence we are, nevertheless, of the opinion that the question of fact, whether the burns received by the decedent were the direct cause of his death can be answered in the affirmative. The chairman of the commission found the following facts:

"About one o'clock on the afternoon of the 17th of November 1919 the mill in which Mr. Ballou was working for the Jackman Lumber Company burned. In escaping from the burning building Mr. Ballou received severe burns about the mouth, face, neck, hands and forearms. The burns about the face were quite severe, particularly about the nose, right cheek, lips and chin. His lips were so badly burned that a part of the skin and some of the flesh was blackened. His tongue was burned and blackened and the lining of his mouth blistered. For several days after the fire his tongue was

so badly swollen because of the burns he could not speak. He was unable to eat solid foods for several weeks after the fire. He developed a severe cough immediately after the fire and when coughing he raised a brownish sputum. This continued from the day of the fire until the day of his death."

"No question is raised in the case as to whether the accident to Mr. Ballou arose out of and in the course of his employment."

"Mr. Ballou died on the third day of April, 1920, leaving surviving him Fannie E. Ballou, the petitioner, his widow."

"From the time of the fire to the date of his death Mr. Ballou gradually lost weight and strength. For more than a month after the fire he could eat no solid food because of the burns in his mouth. His cough, which developed after the fire accompanied by the raising of a dark brownish sputum continued with increasing intensity until he died. He tried three or more kinds of work between the 7th of January and the middle of March and failed at all on account of his physical condition. Altogether he worked only a few days from the time of the fire in Jackman until he died."

"Prior to the accident for a period of a year or more Mr. Ballou had lost no time from his work on account of sickness and he appeared to be a strong, robust man."

"It is therefore found as a matter of fact that the death of Joseph Ballou on April 3, 1920 was due directly as a result of the injuries received by him at the fire in Jackman November 17, 1919, and that, therefore, his widow, Fannie E. Ballou, is entitled to compensation as a dependent of the said Joseph Ballou."

If the death can be traced, even though the paths of the evidence be devious, directly to the accident, and as a result of the injuries, there received, it will undoubtedly be conceded that collateral issues of law or fact become immaterial. Because if the death can be so traced, it brings the case, regardless of other facts, within the purview of Section 12 of the statute. It would be useless as well as burdensome to undertake a separation of the legal from the illegal evidence found in the record of this case, or to analyze the legal evidence tending to support the decision of the chairman. The evidence, if believed, tends to show a causal relation between the injuries and the death; and the credibility of the evidence under our statute and decisions is absolutely within the judgment and decision of the commission or

its chairman. If the Appellate Court finds any legal evidence in the record that supports the decision it has fulfilled its line of inquiry in that regard.

While the conclusion to which we arrive is unquestionably doubtful, nevertheless, under the express language of our statute, that this compensation act shall be liberally construed in favor of the petitioner we think the doubt should be solved in favor of the petitioner. The evidence shows a line of symptoms, never before present, which continued to afflict the decedent to a greater or less degree from the time of the fire until his death by pneumonia. The defendant's physician answered the following hypothetical question as follows:

Q. "Assuming, Doctor, a man went through a fire and going through received such injuries, either by inhaling smoke, flame or gas, that he received burns to the 3rd degree on the outside of his face, nose, chin, and the inside of his mouth so that a few hours after the fire he could not talk, his tongue was blackened and swollen so,— don't you think burns of that nature would have something to do with the lungs?"

A. "If that was true—yes—must have been."

There is evidence to support the facts embraced in the hypothetical question. Therefore, the answer of the physician is important as tending to show that there was a direct causal relation between the fire and the death of the decedent. Other testimony tends to show that a cough, which developed after the fire, was accompanied by the raising of a dark brownish sputum, which continued with increasing intensity until the decedent died.

Upon the foregoing conclusions, based upon a consideration of the facts, we find no occasion for a discussion of the legal issues raised in the briefs.

*Appeal dismissed.*
*Decree below affirmed with*
*additional costs.*